IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2006 OCT 20 AM 8:51
OFFICE OF THE CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3143 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LUKE J. GOERING, | ) | (**Sealed E-Government Act**) |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the motion of the defendant for release to participate in residential drug/alcohol treatment. Upon being duly advised of the defendant's circumstances and proposal for release, I conclude that the motion should be granted.

IT THEREFORE HEREBY IS ORDERED,

Defendant's motion for release, filing 15, is granted, and:

1. The defendant shall be detained until s/he can be released under the following conditions:

   a) The defendant shall not commit any offense in violation of federal, state, or local law while on release in this case.

   b) The defendant shall advise the court and the U.S. Attorney, through counsel, in writing prior to any change in address.

   c) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed, as directed.

   d) Upon being admitted to its treatment program, the defendant shall reside at St. Francis Medical Center at Grand Island. Defendant shall not leave the facility unless with the permission of an authorized staff member of the treatment facility AND accompanied either by a

staff member, a supervising agency officer, or defendant's attorney. The defendant shall not have access to any motor vehicle while at the treatment facility.

e) The defendant shall refrain from any use of alcohol, and from any use or possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

f) The defendant shall report by telephone and/or in person to the supervising officer.

g) Defendant shall submit to any method of testing at his/her own expense as required by the officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and may include urine testing, the wearing of a sweat patch, blood tests, and/or a remote alcohol testing system. Defendant shall not obstruct or attempt to obstruct or tamper in any fashion with the efficiency and accuracy of any substance testing equipment, nor submit samples of body fluids which are not his/her own, nor otherwise adulterate any samples submitted for testing. All collections of fluids for testing shall be at the defendant's expense, payable at the time of collection.

h) The defendant shall not possess any firearm, destructive device, or other dangerous weapon, nor have any contact, directly or indirectly, with any person who is may become a victim or potential witness in the subject investigation or prosecution, nor with any person serving as a juror or who has been summoned as a prospective juror.

i) The defendant shall participate in good faith in the treatment program at the treatment facility, and shall authorize the release of confidential information to the supervising officer concerning the level of his/her participation and cooperation, and the extent of his/her progress. The defendant shall comply with all rules of the treatment facility, and if those rules permit visits from other persons, shall limit visits to those persons not disqualified by this order. Defendant shall pay all or a portion of the treatment in an amount and on a schedule to be arranged by the supervising officer and the facility.

j) The defendant shall, subject to the requirements, if any, of the treatment facility, submit to unannounced searches of his/her person, living premises, and vehicle by the supervising officer and/or law enforcement officers for evidence of violations of this order.

k) Unless otherwise ordered by the court or directed by the supervising officer, at such time as the defendant completes or is terminated from the treatment program, defendant shall immediately notify his/her attorney and the supervising officer. Defendant shall then report as soon as possible to the nearest office of the United States Marshals Service. Defendant shall, at that time, be brought before me for further hearing on appropriate conditions of release.

l) Except as required as part of the treatment regimen, defendant shall not be with, associate with, or communicate with persons known or suspected to be or to have been involved in drug use, drug trafficking, or weapons trafficking, without the prior approval of the supervising officer or the court.

m) Report as soon as possible to the supervising officer any contact with any law enforcement personnel including, but not limited to any arrest, questioning, or traffic stop.

2. The defendant shall sign this order below, acknowledging that s/he agrees to abide by all the conditions herein and has been advised by his/her attorney of the "Penalties and Sanctions" section of this order. Defendant's attorney shall sign below, acknowledging that s/he has reviewed the conditions of release and the "Penalties and Sanctions" portion of this order with the defendant, and also reviewed the conditions with the staff of the treatment facility, who have agreed to monitor the defendant in accordance with these conditions, and to notify the supervising officer immediately should the defendant fail to abide by any of them. Upon receiving these assurances and signatures, defendant's counsel shall return the order to the court.

3. The United States Marshal is ordered to keep the defendant in custody until presented with a <u>file stamped</u> copy of this order bearing all signatures as required, and the supervising officer has informed the Marshal of the date and time of the defendant's appointed arrival at the treatment facility. The defendant shall be released as directed by the court at such time as there remains sufficient time to travel to the treatment facility and timely

arrive, but with as little excess time as is practicable under the circumstances. The defendant's transportation to said facility shall be arranged by his/her attorney. The Marshal shall inform the supervising officer of the time of the defendant's release. The Marshal is also ordered to provide adequate, i.e., 30-day supply of necessary medications for the defendant when he/she is released to undergo inpatient treatment at the treatment facility.

## CERTIFICATION OF ATTORNEY

I hereby state and declare that I am the attorney for the defendant herein; that I have reviewed with the defendant each of the conditions of release herein; that I have advised the defendant of the "Penalties and Sanctions" portion of this order; and that the defendant has indicated his/her understanding of such provisions and has promised to obey this order. I further state and declare that I have spoken with __Karen Hoover__, who is the __Admissions Specialist__ of the treatment facility above named, that I have advised said officer of the conditions of release in this order, and that s/he has assured me that the staff of that treatment facility agrees to monitor the defendant's compliance with the conditions herein, and to notify the supervising officer of any failure of the defendant to comply with any of them.

_[signature]_
Defendant's Attorney

## ADVICE OF PENALTIES AND SANCTIONS

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, and a prosecution for contempt as provided in 18 U.S.C. § 401 which could result in a possible term of imprisonment and/or fine.

The commission of any offense while on release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S. § 1503 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years in prison and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years in jail and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment or a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense.

In addition, a failure to appear or any noncompliance with any condition of this order may result in the forfeiture of any bail posted.

**OATH OF DEFENDANT**

I hereby swear or affirm that: (1) I have been advised by my attorney of each of the conditions of my release as stated in this order; (2) that I will truly and faithfully abide by each and all of these conditions; (3) that I have been advised by my attorney of the "Penalties and Sanctions" portion of this order and I understand those provisions; and (4) that my agreement to abide by these conditions is my voluntary act and deed.

_____
Defendant

IT IS SO ORDERED THIS ____ DAY OF _____, 2006.

BY THE COURT:

_____
David L. Piester
United States Magistrate Judge

Revised 12/11/03

**OATH OF DEFENDANT**

    I hereby swear or affirm that: (1) I have been advised by my attorney of each of the conditions of my release as stated in this order; (2) that I will truly and faithfully abide by each and all of these conditions; (3) that I have been advised by my attorney of the "Penalties and Sanctions" portion of this order and I understand those provisions; and (4) that my agreement to abide by these conditions is my voluntary act and deed.

 

_____
Defendant


IT IS SO ORDERED THIS 20th DAY OF Oct., 2006.

                    BY THE COURT:

                    _____
                    David L. Piester
                    United States Magistrate Judge


Revised 12/11/03